**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GENNETTA GUTMAN,<br>Plaintiff,<br><br>vs.<br><br>NEWREZ LLC<br><br>and<br><br>PHH MORTGAGE F/K/A OCWEN LOAN SERVICING LLC,<br><br>Defendants. | CIVIL ACTION<br><br>NO.<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

**A. JURISDICTION AND VENUE**

1. Jurisdiction arises under 12 U.S.C. §§ 2614-15, 15 U.S.C. § 1692k(d), and 28 U.S.C. §§ 1331, 1332, together with the pendent jurisdiction of the court. Supplemental jurisdiction over Plaintiff's state law claims is granted by 28 U.S.C. § 1367(a).

2. Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

**B. PARTIES**

3. Plaintiff GENETTA GUTMAN ("GUTMAN") is a natural person, who, currently and at material times herein resided at 9257 Old Newtown Rd., Philadelphia, PA 19115 ("the property").

4. Defendant PHH MORTGAGE SERVICES ("PHH") is a corporation with its principal offices at 1 Mortgage Way, Mt. Laurel NJ 08054, and is the servicing agent for the holder of plaintiff's mortgage loan, *DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR* GSAMP Trust 2004-NC2 ("the debt's owner"). In addition:

a. PHH is a 'residential mortgage lender' pursuant to the definition in 41 Pa. Stat. Ann. § 101 in relation to the Plaintiff's residential mortgage loan and the residential, mortgage loans of certain similarly situated persons on whose behalf it acts as the holder for the loans on behalf of the owner(s).

b. PHH is a debt collector pursuant to 15 U.S.C. §1692a(6) as it acquired the servicing right to the Plaintiff's loans and certain of the similarly situated persons they represent when it believed the loan was delinquent or in default;

c. PHH has engaged Defendant NewRez as is authorized agent.

5. Newrez is a 'residential mortgage lender' pursuant to the definition in 41 Pa. Stat. Ann. § 101 in relation to the Plaintiff's residential mortgage loan and the residential, mortgage loans of certain similarly situated persons on whose behalf it acts as the holder for the loans on behalf of the owner(s). Newrez is a wholly-owned subsidiary of Shellpoint Partners LLC, a Delaware limited liability company. Shellpoint Partners LLC is wholly owned by NRM Acquisition LLC and NRM Acquisition II LLC, both of which are Delaware limited liability companies. Both NRM Acquisition entities are wholly-owned by New Residential Mortgage LLC, a Delaware limited liability company. New Residential Mortgage LLC is wholly-owned by New Residential Investment Corporation, a Delaware corporation. New

Residential Investment Corporation is publicly traded on the New York Stock Exchange under the ticker symbol NRZ. In addition:

a. NRZ advertises on its website the reason why it is focused on Shellpoint's business model of acquiring the mortgage servicing rights from others. "A mortgage servicing right (MSR) provides a mortgage servicer with the right to service a pool of residential mortgage loans in exchange for a portion of the interest payments made on the underlying residential mortgage loans. Advances are required capital outlays by the servicer to fund missed payments from delinquent borrowers and foreclosure-related expenses. The servicer has limited risk of not being reimbursed for advances, because advances are almost always 'top of the waterfall' in the event of a property sale" (https://www.newresi.com/about-us). In other words, Shellpoint makes more money on behalf of NRZ by churning fees and making advances related to borrowers it believes are delinquent or in foreclosure and there is "limited risk" that those sums will not be reimbursed to it—even if it has no right to impose the fees and charges in the first instance.

b. NEWREZ is a debt collector pursuant to 15 U.S.C. §1692a(6) as it acquired the servicing right to the Plaintiff's loans and certain of the similarly situated persons they represent when it believed the loan was delinquent or in default.

## C. FACTUAL ALLEGATIONS

6. Prior to the events described hereinafter, Plaintiff purchased the property as her residence in April 2000 for $115,000 by means of a Note and Mortgage. All proceeds of the subject mortgage loan were used at all times for personal, non-commercial purposes by the Plaintiff and her family in relation to the

Property. The documents governing the Plaintiff's residential mortgage loan were made subject to the laws of the Commonwealth of Pennsylvania.

7. On or about July 19, 2004, Plaintiff refinanced the Note and Mortgage with New Century Mortgage Corp. in the amount of $146,250.00 to cash out equity to purchase a car and other necessities (hereinafter "the debt").

8. Beginning in 2010, Plaintiff experienced health issues which caused her to stop working for two (2) years and consequentially fall into arrears on the debt.

9. On or about August 2012, plaintiff entered into a loan modification with Ocwen Loan Servicing ("Ocwen") which cured the mortgage loan's default and which resulted in a balloon payment not due until maturity of the loan effective August 1, 2019. Ex. A.

10. Although Plaintiff had fallen behind roughly one (1) month by June 2014 and missed payments for June and July, Ocwen returned to Plaintiff payments of $2,700 in August.

11. On or about September 2014, Ocwen sent Plaintiff a monthly mortgage statement demanding she pay it $6,770.65 or roughly seven (7) months of arrears. Ex. B.

12. In fact, as of September 2014, Plaintiff was, barring the returned payment amounts, only approximately four (4) months in arrears.

13. On or about October 2014, Ocwen sent Plaintiff a monthly mortgage statement demanding $133,201 "due now" as if the loan modification had never happened. In the following months of November and December 2014, Ocwen demanded sums in excess of $134,000 and then $135,000, respectively.

**2015 Collection Activity**

14. On or about January 2015, a foreclosure action was filed against Plaintiff by the loan's owner at the direction and control of Ocwen in the Philadelphia County Court of Common Pleas styled, Deutsche Bank v. Genetta Gutman, no. 150200040 ("the foreclosure action").

15. On July 31, 2015, in reliance on its demands to her and to try to avoid the wrongful foreclosure action pursued by Ocwen, Plaintiff paid Ocwen $15,260.52 to reinstate the mortgage even though Plaintiff did not believe she owed Ocwen that sum.

16. Thereafter, Plaintiff had insufficient funds based on her employment income to stay current and so fell into arrears on the debt again.

**2016 Collection Activity**

17. On or about 2016, a second foreclosure action was filed against Plaintiff by the loan's owner at the direction and control of Ocwen in the Philadelphia County Court of Common Pleas styled, Deutsche Bank v. Genetta Gutman, no. 160900156 ("the second foreclosure action").

18. Plaintiff requested of Ocwen that it provide her with a reinstatement quote.

19. On or about June 2017, Ocwen provided plaintiff with a reinstatement quote for $16,197.76 which also specified other amounts due of $8,001.98 which were not required by Ocwen to be paid to permit the loan's reinstatement and which plaintiff has not paid. Ex. C.

20. Upon information and belief, Ocwen's demand for $8,001.98 of fees and expenses contained amounts inflated or not actually incurred.

21. Upon information and belief, Ocwen's demand for $16,197.76 of arrears is inflated by its wrongful accounting of her loan in 2014 as described herein, see ¶¶ 10-13.

22. In further reliance on Ocwen's wrongful demands for sums not actually due in light of the 2015 reinstatement, but fearing loss of her home, Plaintiff reinstated the loan by payment of $17,200 in August 2017 and the second foreclosure action was dismissed accordingly in August 2017.

**Post Reinstatement Collection**

23. Thereafter, plaintiff made her loan payments until February 2019 when she ceased making monthly loan payments because of her inability to understand, after speaking to Ocwen numerous times to try to understand the factual basis for Ocwen's demand for more than $4,000 claimed due in monthly payment arrears.

24. Thereafter, PHH became the servicer of the Plaintiff's mortgage loan on June 1, 2019 at a time when it believed the loan was in default as that term is defined in the documents governing the debt.

25. A few months later, NEWREZ became the sub-servicer of the Plaintiff's personal as assigned by PHH, mortgage loan on September 1, 2019 at a time when it also believed the loan was in default as that term is defined in the documents governing the loan.

26. On or before September 1, 2020, with the apparent and actual authority of PHH, NEWREZ sent to Plaintiff a monthly mortgage statement demanding she pay it an arrears amount due of $12,515.20, see Ex. D.

27. On or about September 11, 2020, with the apparent and actual authority of PHH, NEWREZ sent to Plaintiff an Act 91 Pre-foreclosure Notice demanding $128,840.87 to pay off the loan including the balloon balance due under the terms of the loan modification on August 1, 2019, see Ex. E.

28. On or about October 7, 2020, with the apparent and actual authority of PHH, NEWREZ provided plaintiff with an inaccurate payoff quote for $128,932, see Ex F. Among other reasons, the payoff quote was inaccurate due to it including charges as a "recoverable balance" in the amount of $3,237 which were not recoverable having been paid or waived to reinstate the loan in 2015, 2016, and/or 2017 as described above herein.

29. As of the date of this pleading, Defendant has not sued Plaintiff in foreclosure regarding any alleged default on the terms of the loan modification described herein.

30. As a result of the aforesaid conduct of Defendant, Plaintiff has suffered damages including but not limited to emotional distress, worry, anger, and anxiety, for sums Newrez added improperly to its inaccurate reinstatement, monthly mortgage, and payoff quotes as well as frustration, aggravation, and lost time and energy to attempt to understand and correct Defendant's accounting errors and misrepresentations.

**COUNT I –**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT („FDCPA"), 15 U.S.C. § 1692, *et seq.***
***(Plaintiff v. All Defendants)***

31. Plaintiff incorporates all prior paragraphs herein.

32. PHH and NewRez acquired their interests in plaintiff's loan when each alleges (directly and indirectly) it believed the loan to be in default and therefore each Defendant is a Debt Collector within the meaning of 15 U.S.C. § 1692a(6).

33. In relation to the Plaintiff, Defendants are also debt collectors pursuant to 15 U.S.C. §1692a(6) because its principal business activity utilizes instrumentalities of interstate commerce or the mails related to the enforcement of security interests.

34. By its attempts to collect or actually collect sums during the post-reinstatement period of September to October 2020 simultaneously for both monthly arrears and a total amount due as a balloon payment as well as for "recoverable balance" sums not owed,  PHH and NEWREZ, directly and indirectly, conveyed a false and/or misleading representation of the legal status of and amount due on her in violation of 15 U.S.C. § 1692e as well as e(2) and e(10).

35. Plaintiff has suffered actual economic damages, as more fully described *supra*, as a result of the Defendants' illegal debt collection practices and direct and indirect actions described herein.

36. Collection letters, payoff statements, and/or other written notices, such as those sent by Defendants, directly or indirectly on their behalf, as to Plaintiff as described herein, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

37. Defendants' false, misleading and deceptive statements are material to the least sophisticated consumer.

38. As described herein, Defendants violated 15 U.S.C. § 1692e(10) of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debt from Plaintiff by sending written statements to them, including inaccurate, periodic statements, claiming sums were due from Plaintiff that were not due and owing as a result of their loan modification and/or reinstatement agreements with them.

39. Under Federal law, PHH and NEWREZ are required to send accurate periodic statements to the Plaintiff. However, as a matter of practice and custom, PHH and NEWREZ sent to the Plaintiff inaccurate, periodic statements demanding payment of sums not due and owing in light of is loan modification and/or reinstatement agreement(s) with the Plaintiff. Such acts violate 15 U.S.C. § 1692e.

40. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors like PHH/NEWREZ.

41. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

## COUNT II – VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (UTPCPL) 73 P.S. § 201-1 et. seq. (*Plaintiff v. PHH fka Ocwen and NewRez*)

42. Plaintiff incorporates all prior paragraphs herein.

43. Plaintiff purchaser is a “consumer” as that term is contemplated by the Act.

44. Defendants PHH and NEWREZ are persons engaged in trade or commerce as that term is contemplated by 73 P.S. § 201-1 *et. seq.* (“the Act”) by and through their mortgage servicing activities related to Plaintiff’s loan.

45. By its attempts to collect or actually collect sums for charges and expenses that accrued before the 2015, 2016, and 2017 reinstatement agreements and were waived or excluded thereafter, PHH and NEWREZ, directly and indirectly, have misrepresented amounts due to it under the terms of Plaintiff’s mortgage loan.

46. By its aforesaid misrepresentations to Plaintiff in the aforesaid collections, Defendants caused Plaintiff confusion and/or misunderstanding as to the amounts due under her loan.

47. Plaintiff reasonably relied upon the aforesaid misrepresentations of Defendants and was damaged as described herein by paying reinstatement amounts she did not owe.

48. Defendants’ aforesaid misrepresentations constituting an "unfair or deceptive practice" within the meaning of the Act in violation specifically of 73 P.S. § 201-1(4)(xxi) for which said Defendants are strictly liable. *See Gregg v. Ameriprise*, 216 A.3d 222 (Pa.

49. The Act is a remedial statute intended to protect consumers which PHH’s and OCWEN’s conduct has flagrantly violated.

50. Plaintiff has suffered actual economic and non-economic damages, as more fully described *supra* as a result of Defendant’s illegal debt collection practices

and direct and indirect actions described herein including but not limited to Plaintiff being compelled to pay loan charges, including legal fees and costs not incurred and/or unreasonable in amount which were paid or waived after three (3) separate reinstatements which Plaintiff is now obligated to repay.

**PRAYER FOR RELIEF**

Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Pursuant to Count I of this Complaint, Plaintiff asks this Court to determine the issue of PHH's and NewRez's liability to the Plaintiff under the FDCPA and award (i) actual damages for its violations of 15 U.S.C. § 1692f pursuant to 15 U.S.C.A. § 1692k(a)(1) equal to the unauthorized sums collected by PHH and/or NewRez, (ii) statutory damages pursuant to 15 U.S.C.A. § 1692k in the amount of $1,000 per defendant, and (iii) reasonable attorney fees and reasonable costs as authorized by 15 U.S.C.A. § 1692k(a)(3).

B. Pursuant to Count II of this Complaint, as a result of the violations of the UTPCPL by PHH and NewRez, Plaintiff requests an award of (i) actual damages, (ii) statutory damages pursuant to 73 P.S.§ 201-9.2(a) against Defendants equal to three times the illegal sums imposed or collected by PHH and NewRez or $100, whichever is greater, (iii) pre-judgment interest in relation to their actual damages, and, (iv) costs of litigation and reasonable attorney's fees pursuant to 73 P.S.§ 201-9.2(a).

**JURY DEMAND**

Plaintiff demands trial by jury.

Dated: May 5, 2021

/s/Robert P. Cocco

ROBERT P. COCCO, P.C.
Attorney for Plaintiff
By: Robert P. Cocco, Esquire
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-351-0200
bob.cocco@phillyconsumerlaw.com